IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEAN J. ENGEL,

      Plaintiff,                     No. CIV S-11-1559 GEB[1] DAD PS

      v.

PBD HOLDINGS, dba AT&T
ADVERTISING SOLUTIONS,             ORDER

      Defendant.
_____/

         Before the court is plaintiff's notice of unavailabilty and request for continuance of the date currently set for the Status (Pretrial Scheduling) Conference in this matter. The court finds plaintiff's request deficient in several ways.

         By order filed June 20, 2011, this case was set for a Status (Pretrial Scheduling) Conference on Friday, August 26, 2011. (Doc. No. 8.) On June 22, 2011, two days after the order was issued, defendant's counsel advised the court of his unavailability on the scheduled date because of a trial set to begin on August 22, 2011. (Doc. No. 10.) Counsel proposed six alternative dates beginning with Friday, September 9, 2011, a date just two weeks after the date

---

[1] By order filed August 31, 2011, this case has been reassigned from Senior District Judge Frank C. Damrell, Jr. to District Judge Garland E. Burrell, Jr. The parties' future filings should reflect the reassignment in the case number by use of the initials GEB in place of the initials FCD.

1

1  set by the court.  The court delayed ruling on defendant's request for two weeks to permit
2  plaintiff to respond to the proposed alternative dates.  Plaintiff did not respond.  On July 6, 2011,
3  the court issued an order continuing the status conference to September 9, 2011, the earliest date
4  counsel was available after the scheduled trial.  (Doc. No. 11.)

5  Plaintiff did not notify the court of any conflict with the September 9, 2011 date
6  until 42 days after defendant requested a continuance and proposed September 9, 2011 as one of
7  several alternative dates.  Plaintiff now alleges that he will be unavailable on September 9, 2011
8  "on the grounds of a previously scheduled family vacation in Hawaii, beginning September 2,
9  2011 through September 9, 2011."  Plaintiff's filing is unsigned and, even if signed, does not
10 declare that plaintiff's statements are true under penalty of perjury.  Further, plaintiff has not
11 stated unequivocally that the vacation was actually scheduled prior to July 6, 2011, when the
12 status conference was continued to September 9, 2011.  If the vacation was not scheduled prior to
13 July 6, 2011, plaintiff would not be entitled to a continuance, particularly at this late date.

14 In light of plaintiff's pro se status and in the interest of justice, the court will grant
15 plaintiff's request for a continuance.  However, plaintiff is cautioned that future requests for
16 continuance or for extension of time must comply strictly with Local Rule 144 which requires
17 parties to "seek to obtain a necessary extension from the Court or from other counsel or parties in
18 an action as soon as the need for an extension becomes apparent."  Local Rule 144(d).  Plaintiff
19 shall contact defendant's counsel about the possibility of stipulating to any proposed request for
20 continuance or extension of time and, where no stipulation is appropriate or possible, plaintiff
21 must at a minimum learn from counsel whether any proposed new dates will create a conflict for
22 defendant's counsel.  Moreover, plaintiff is forewarned that dates set at the status conference and
23 included in the court's Status (Pretrial Scheduling) Order may be modified only upon a showing
24 of good cause.  Vacations and other discretionary events planned after the status conference will
25 not constitute a showing of good cause.
26 /////

Turning to the issue of a new status conference date, the court notes that the earliest alternative date proposed by plaintiff is October 7, 2011, a full four weeks after the scheduled date of the status conference. While the three dates proposed by plaintiff were alternative dates previously proposed by defendant, plaintiff offers no explanation for his failure to include the September 30, 2011 date that defendant also proposed. Nor does plaintiff state that he contacted defendant's counsel to determine whether counsel is available on any Friday in September. Court staff have contacted defendant's counsel and learned that he is not available on September 16 or 23 but is available on September 30. The court will continue the status conference to September 30, 2011, and does not intend to continue the conference a third time.

Plaintiff will be required to appear in person for the status conference. Defendant's counsel may appear telephonically by following the procedure described in the court's initial order setting status conference. Plaintiff shall bring to the status conference any calendars or other records needed to ensure that he does not have a conflict with dates set at the status conference. Dates may be set over the course of the next twelve to sixteen months.

IT IS ORDERED that:

1. The Status (Pretrial Scheduling) Conference set for September 9, 2011, is continued to **September 30, 2011 at 10:00 a.m.** before the undersigned in Courtroom No. 27.

2. The parties are not required to file status reports other than those previously ordered.

3. Plaintiff shall appear at the status conference in person, and failure to do so may result in a recommendation that this action be dismissed.

DATED: August 31, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1\orders.prose\engel1559.ossc.cont2